UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KAREN LYNCH
470 Bobolink Avenue
Grafton, WI 53024,

    Plaintiff,

    v.                           Case No: 15-CV-0630

JOHNSON CONTROLS, INC.
5757 North Green Bay Avenue     **JURY TRIAL DEMANDED**
Milwaukee, WI 53209,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Karen Lynch, by and through her counsel, Heins & Minko LLC, by Attorneys Janet L. Heins, Carlos R. Pastrana, and Nicholas J. DeStefanis, files this Complaint against Defendant Johnson Controls, Inc., and states as follows:

    1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Americans with Disabilities Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("ADA").

    2.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has its principal place of business in this district.

    3.    Defendant Johnson Controls, Inc. is a domestic corporation doing business in the State of Wisconsin and in interstate commerce with a principal office address of 5757 North Green Bay Avenue, Milwaukee, Wisconsin 53209.

4. Plaintiff Karen Lynch is an adult female resident of the State of Wisconsin with a post office address of 470 Bobolink Avenue, Grafton, Wisconsin 53024.

5. Plaintiff began working with Defendant in or around 2010 as program director for strategic meetings and travel under an alleged independent contractor agreement with her company, K. Lynch & Associates.

6. In March 2013, while a company executive at Defendant was staying at Plaintiff's home, Plaintiff's doctor had administered a sleep study on her to determine why she was having difficulty sleeping.

7. Plaintiff discussed her sleeping problems with Defendant's executive in March 2013 and they commiserated about such issues that they both shared.

8. Defendant was so pleased with Plaintiff's performance as a contractor that they asked her in April 2013 to apply for a full-time position as an employee, so she did so.

9. On or about May 2, 2013, as part of her employment application with Defendant, Plaintiff took a mandatory drug screen, without being advised of her rights regarding the test.

10. Defendant never advised Plaintiff what they were testing for or asked if she suffered from any health conditions for which she was taking medication, either before or after the test.

11. Plaintiff's drug test came back positive for generic Valium, of which she took one tablet several days prior to the test because she was having trouble sleeping.

12. Plaintiff was advised that because her drug screen came back positive, Defendant would no longer consider her for the position.

13. Defendant refused to allow Plaintiff to resubmit to testing or to have another lab double-check the analysis.

2

14. Defendant also abruptly terminated Plaintiff's existing contract without cause after her positive drug test.

15. Since that time, Defendant has contacted third parties and interfered with Plaintiff's prospective business relationship with them and her potential employment contracts with them because of her termination based on the drug test.

## FIRST CLAIM FOR RELIEF—ADA VIOLATIONS

16. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if fully restated herein.

17. Defendant intentionally discriminated against Plaintiff in the terms and conditions of her employment on the basis of her disability in reckless disregard of her federally protected rights under the Americans with Disabilities Act, 42. U.S.C. 12101 et seq.

18. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, attorney fees and costs, and loss of wages.

## SECOND CLAIM FOR RELIEF—TORTIOUS INTERFERENCE WITH CONTRACT

19. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if fully restated herein.

20. Defendant intentionally interfered with Plaintiff's career, employment, and all the benefits and privileges associated therewith.

21. As a result of Defendant's tortious interference with Plaintiff's employment contracts, Plaintiff has suffered reputational damages, monetary losses, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, its officers, agents, employees, successors, and all persons in active concert or participation with it, as follows:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff attorney fees, costs, and disbursements as provided by 42 U.S.C. § 12205, and all other applicable statutes and provisions;

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES.**

Dated this 22nd day of May, 2015.

        HEINS & MINKO LLC
        Counsel for the Plaintiff

        *s/ Janet L. Heins*
        Janet L. Heins, State Bar No. 1000677

HEINS & MINKO LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com